Rauda v. Garland

BIA
Driscoll, IJ
A041 713 664

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

OSCAR FRANCISCO RAUDA,
> *Petitioner,*

v.                                              No. 21-6475
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**         Oscar Francisco Rauda, Pro Se.

**FOR RESPONDENT:**         Brian Boynton, Acting Assistant Attorney General, Margaret Kuehne Taylor, Senior Litigation Counsel, and Rodolfo D. Saenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Petitioner Oscar Francisco Rauda, pro se, moves for leave to proceed in forma pauperis ("IFP"), appointment of counsel, and a stay of removal in connection with his petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision of an immigration judge ("IJ") ordering his removal from the United States and denying all ancillary requested relief. *In re Oscar Francisco Rauda*, No. A041 713 664 (B.I.A. Aug. 12, 2021), *aff'g* No. A041 713 664 (Immig. Ct. Mar. 29, 2021).

UPON DUE CONSIDERATION, it is hereby ORDERED that the IFP motion is DENIED and the petition is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B).

In 2020, Rauda, a native and citizen of El Salvador, was placed in removal proceedings for (1) a 2006 conviction in

2

Massachusetts for violating an order of protection and (2) a 2019 conviction of indecent assault and battery on a child under Massachusetts General Law § 265.13B. Rauda then applied for withholding of removal and relief under the Convention Against Torture ("CAT").

Following a hearing at which Rauda testified, the IJ denied all requested relief. The IJ found that Rauda was deportable as charged, based in part on his 2006 conviction for violating an order of protection. The IJ also held that Rauda's 2019 conviction was a particularly serious crime based on the circumstances of the offense. On these grounds, the IJ barred withholding of removal. *See* 8 U.S.C. §§ 1227(a)(2)(E), 1231(b)(3)(B)(ii). Additionally, the IJ concluded, in light of Rauda's concession that he had not been tortured in the past and because his purported fears of relocating to El Salvador were speculative, that Rauda had failed to meet his burden of proof with respect to the CAT claim. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). On appeal to the BIA, Rauda maintained that his 2019 felony conviction was not an aggravated felony or a particularly serious crime, and that the IJ erred in denying him CAT relief. The BIA

3

rejected these arguments and affirmed the IJ's decision.

Rauda timely petitioned for review of the agency's decision. And in connection with his petition, he moves, inter alia, for IFP status, appointment of counsel, and a stay of removal. Because Rauda is proceeding pro se, we construe his submissions solicitously. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006).

Under the IFP statute, we must dismiss the petitioner's appeal if the petition "lacks an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325. Because Rauda's 2006 conviction for violating an order of protection is an independently sufficient ground for removal from the United States, *see* 8 U.S.C. § 1227(a)(2)(E), Rauda's petition for withholding of removal must be dismissed.

We also conclude, for the reasons cited by the BIA, that Rauda's CAT claim lacks merit. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–94 (2020) (appellate review of CAT relief denial is for substantial evidence). Simply put, the record before us does not demonstrate that Rauda is "more likely than not" to be subjected to torture upon return to El Salvador. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

4

We have considered Rauda's remaining arguments and find them to be without merit.  Accordingly, the petition for review is DISMISSED, and all pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court